Martha Smith v. Commissioner. William E. Smith v. Commissioner.
Smith v. Commissioner
Docket Nos. 47693, 47694.
United States Tax Court
T.C. Memo 1955-317; 1955 Tax Ct. Memo LEXIS 20; 14 T.C.M. (CCH) 1240; T.C.M. (RIA) 55317; November 30, 1955
Russel C. Jones, Esq., 624 East 23rd Street, Owensboro, Ky., for the petitioners. John L. Carey, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion These consolidated proceedings involve deficiencies in income tax and penalties against each of the petitioners as follows: Penalties
Year
Deficiency
Sec. 293(b)
Sec. 291(a)
1944
$ 704.02
$352.01
$176.00
1945
84.00
42.00
21.00
1947
576.84
288.42
144.21
1948
1,319.52
659.76
329.88
1949
255.00
127.50
At the trial the respondent waived all issues as to the determination of the deficiencies and penalties with respect to the years 1944 and 1945. The issues are (1) whether the respondent correctly determined the income *21 of each petitioner for the calendar years 1947 to 1949, inclusive; (2) whether petitioners are liable for the 50 per cent additions to the tax for fraud in each of the taxable years 1947 to 1949, inclusive; and (3) whether the petitioners are liable for the delinquency penalties under section 291(a) of the Internal Revenue Code of 1939 for each of the taxable years 1947 and 1948. Findings of Fact The facts stipulated are found accordingly. Petitioners are husband and wife residing in Owensboro, Kentucky. Petitioner Martha Smith had no income and did not file a separate or joint return for the taxable years 1947 to 1949, inclusive. Petitioner William E. Smith filed timely separate returns for the taxable years 1947 to 1949, inclusive, with the collector of internal revenue for the district of Kentucky. During the years 1948 and 1949 petitioner William E. Smith operated a restaurant and tavern at Route 2, Stanley, Kentucky. Some slot machines were also operated by him during those years. William E. Smith made deposits in the Citizens State Bank of Owensboro, Kentucky, in a joint account maintained in the name of himself and his wife Martha, totaling $13,414.75 in 1947 and *22 $27,922.81 in 1948. He realized a gross profit of 30 per cent on the total gross receipts deposited in the bank in the taxable years 1947 and 1948. On January 28, 1949, William E. Smith purchased a house at 1008 Locust Street, Owensboro, Kentucky, for $8,000, which he sold on November 15, 1949, for $8,500. In September 1943 William E. Smith acquired a house and lot at 927 Conway Street, Owensboro, for $1,000 and sold it on February 11, 1949, for $5,000. For the years 1947 and 1948 the respondent determined that the gross receipts were $14,550.27 in 1947 and $28,839.34 in 1948. He determined the rate of profit to be 37.4 per cent, which was arrived at by dividing the adjusted gross income by the gross receipts reported on the returns filed for the years 1949, 1950, and 1951. By reason of the alleged failure of petitioners to file any returns for the years 1947 and 1948 the respondent imposed 50 per cent additions to the tax for fraud under section 293(b) and delinquency penalties of 25 per cent under section 291(a) of the Code. For the year 1949 the respondent determined that petitioners omitted from the return long-term capital gains realized from the sale of two pieces of real *23 estate and increased income by the amount of $2,250, and imposed a 50 per cent addition to the tax for fraud. During the taxable years 1947 to 1949, inclusive, William E. Smith did not maintain adequate books and records sufficient to reflect his correct income for those years. He did not furnish his accountant making up his returns with his bank records showing deposits and withdrawals, but did furnish cash register tapes and invoices of purchases. The revenue agent made an investigation in 1952. He contacted William E. Smith and was advised that he had no available records for the years 1947 and 1948 and obtained a statement authorizing the agent to have access to his bank records. Subsequently, the agent endeavored several times to contact Smith but was unable to do so. The respondent has failed to establish that any part of the deficiency for the taxable years 1947 and 1948 was due to fraud with intent to evade tax. In the taxable year 1949 petitioner William E. Smith realized a long-term capital gain, no part of which was reported in his individual return filed for that year. No part of the deficiency for the taxable year 1949 is due to fraud with intent to evade tax. *24 Opinion LEMIRE, Judge: The respondent determined that the petitioners were jointly liable for the deficiencies and penalties determined for each of the taxable years 1947 to 1949, inclusive. The sole ground for the determination against Martha Smith is the fact that the bank deposits used as a basis for determining the income for such years were deposited in a joint account bearing her name. We think such fact is insufficient. No returns or copies thereof for the years 1947 and 1948 were offered in evidence. The return for 1949 was offered. The name of Martha Smith does not appear on any part of that return except as a dependent. She testified that in the years 1947 to 1949, inclusive, she had no income and did not sign or file any separate or joint return for such years. Her testimony was frank, positive, and uncontradicted. From our observation of her on the witness stand we accept her testimony as entirely credible and have found the facts to be in accordance therewith. Accordingly, we hold that the respondent erred in determining a deficiency and penalty against her in each of the years 1947 to 1949, inclusive. William E. Smith testified that his returns for the years 1947 *25 and 1948 were prepared by George J. Glahn, a certified public accountant, who gave him the original and a copy, together with an envelope addressed to the collector of internal revenue for the district of Kentucky; that he alone signed the returns and deposited them in the United States mail. He further testified that he was unable to produce the copies for those years because a tin box in which he kept them with other papers was stolen when a robbery took place at his tavern in 1950. Counsel for the respondent did not cross-examine Smith. Glahn testified that he had prepared petitioner's returns for 1947 and 1948, and had furnished him with an original and copy, together with a properly addressed envelope, but he had no knowledge whether Smith had either signed or mailed them. In rebuttal, the respondent swore as a witness Nita M. Myatt, a clerk in the office of the district director at Louisville, Kentucky. She testified that she had made a search of the records in the office and found no returns for either petitioner for the years 1947 and 1948. She testified on cross-examination that she did not check the name Smith under any address other than Owensboro. The returns of William *26 E. Smith for the years 1949 and 1951 show an address of R.F.D. 2, Stanley, Kentucky. The rebuttal testimony merely establishes that no returns were found. We think the evidence is insufficient to overcome the positive testimony of William E. Smith which is corroborated in part by the accountant, a disinterested witness. We have, therefore, found as a fact that William E. Smith filed timely returns for the years 1947 and 1948. The record shows that William E. Smith did not keep adequate books and records from which his correct income could be determined. Therefore, the respondent properly computed his income for the years 1947 and 1948 on the basis of the bank deposits for such years with a mark-up percentage for ascertaining the probable profit. The petitioner assigns as error the use by the respondent of the rate of 37.4 per cent as being excessive. The ratio of profit employed by the respondent was obtained by dividing the total net profit by the total gross receipts shown on the returns filed for the years 1949 to 1951, inclusive. The returns for 1950 and 1951 disclose considerable income in those years from the illegal operation of slot machines. The ratio of profit from the *27 operation of gambling devices would be greater than from the legitimate operation of petitioner's tavern business. The evidence shows that in the years 1947 and 1948 slot machines were operated only about 20 per cent of the time. Under the circumstances we think the ratio of 37.4 per cent used by the respondent was excessive, and we have found as a fact that the ratio of profit for the years 1947 and 1948 was 30 per cent of the total agreed bank deposits made by William E. Smith in those years. Since we have found that William E. Smith filed timely returns for the years 1947 and 1948 the addition to the tax for such years, determined pursuant to section 291(a) of the 1939 Code, necessarily falls. Petitioner William E. Smith was unable to establish the amount of income reported on his returns for 1947 and 1948. We hold, therefore, that he is liable for the deficiencies to be computed under Rule 50 on the basis of our findings of fact with respect to the years 1947 and 1948. The respondent has offered no affirmative proof sufficient to establish that any part of the deficiency for 1947 and 1948 is due to fraud with intent to evade tax and the addition to the tax under section 293(b) *28 is disallowed for each of such years. The taxable year 1949, we think, presents a different situation. No capital gains were reported on the return filed for that year. It is stipulated that William E. Smith sold two pieces of real estate in 1949. The respondent determined that he realized from such sales a long-term capital gain of $4,500. The amount of gain was arrived at on the basis of the documentary stamps affixed to the respective deeds. Smith testified that the capital gain realized was only $2,350. His testimony was based solely upon his recollection of the cost basis and the consideration he received on the sales. No documentary proof was offered to support his testimony. He petitioner has failed to carry the burden of showing that the amount of the long-term capital gain realized from the sale in 1949 of two pieces of real estate was less than the sum of $4,500 determined by the respondent. Therefore, we hold that there is a deficiency for the taxable year 1949 in the amount of $255. The respondent contends that the record establishes that a part of the deficiency for 1949 was due to fraud. We are not in accord. The only evidence which is relied upon as showing fraud *29 for such year is the conceded omission of the long-term capital gains; the failure to furnish the accountant preparing the return with the bank statements; and the further fact that petitioner illegally operated slot machines. There has been no showing that petitioner had other unreported income for 1949, nor is there any direct evidence of concealment or of any affirmative act other than the omission indicating an intent to defraud. We hold, therefore, that the respondent has not carried his burden of establishing fraud with respect to the year 1949. The 50 per cent addition to the tax for fraud is disallowed as to the year 1949. Petitioner William E. Smith raises no issue with respect to the statute of limitations. Decision will be entered for the petitioner in Docket No. 47693. Decision will be entered under Rule 50 in Docket No. 47694.